**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **KIM RAYMOND FEASTE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-cv-223 (MTT)** |
| | ) | |
| **ROONEY BOWEN, III,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

Before the Court is Defendant's motion to dismiss for failure to state a claim upon which relief can be granted. ECF 20. In an effort to afford Plaintiff, who is proceeding *pro se*, adequate notice and time to respond to the motion, the following notice is given. *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985). If Plaintiff wishes to respond, he must do so no later than **TWENTY-ONE DAYS from the receipt of this Order**.

If Plaintiff does not timely respond to the motion to dismiss, the Court may dismiss his claims against Defendant. Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Plaintiff may submit his argument to this Court by filing a brief in opposition to Defendant's motion to dismiss. Unless the Court has granted prior permission, any brief should not exceed 20 pages. M.D. Ga. L.R. 7.4. In addition, the Court advises Plaintiff that a response brief is not the proper avenue for amending his complaint.[1]

[1] The Eleventh Circuit has held that "[a] plaintiff may not amend her complaint through argument in a brief opposing summary judgment." *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)

The Court evaluates a motion to dismiss based on failure to state a claim using the following standard: The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (cleaned up). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation

---

(per curiam). The Circuit has, in unpublished opinions, applied the same rule when a *pro se* party seeks to cure deficiencies in his brief opposing a motion to dismiss. *Gladney v. Consumers Credit Union*, No. 13-13959, 2024 WL 2797914 at*4 (11th Cir. May 31, 2024) (per curiam) (stating that the plaintiff "could not cure the deficiencies in his amended complaint by asserting additional facts in his response to [defendant's] motion to dismiss"); *Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011) (per curiam) (stating that "[b]ecause [plaintiff] raised this argument for the first time in his response to [defendant's] motion to dismiss, instead of seeking leave to file an amended complaint, pursuant to Fed. R. Civ. P. 15(a), it was not properly raised below").

marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

**SO ORDERED**, this 18th day of August, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT